FILED _____ ENTERED
_____ LODGED _____ RECEIVED

DEC 1 4 2018   GT

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

# 18-CV-01804
MJP

MARK PHILLIPS,

            Plaintiff,

       v.

JOYCE PRIMM SCHWIECKERT,
JENNIFER PAIGE SCHWIECKERT,
THOMAS JEFFREY KEANE, KEANE
LAW OFFICES and Does 1-5,

            Defendants.

Case Number:

**COMPLAINT**
1. **Computer Fraud and Abuse Act (18 U.S.C. §1030 et seq.);**
2. **Conversion; and**
3. **Trespass to Chattels.**

**JURY DEMAND**

       Plaintiff Mark Phillips ("Mark") files this Complaint against Joyce Primm Schweickert ("Joyce"), Jennifer Paige Schweickert ("Jennifer"), T. Jeffrey Keane ("Jeff"), KEANE LAW OFFICES ("Keane Law") and Does 1-5 (collectively, "Defendants") and, upon information and belief, alleges as follows:

## INTRODUCTION

       1.       This case concerns several individuals who wrongfully accessed computers and computing devices belonging to plaintiff, formerly engaged in

Complaint— 1

**MARK PHILLIPS**

288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

1   developing highly sensitive and confidential technology applications used in interstate

2   commerce, including cryptography for the music and entertainment industries.

3   Respondent's data comprised almost exclusively of the following: source code for

4   protecting digital media content, corporate and personal accounting information,

5   attorney-client privileged documents, litigation strategy documents, personal

6   identification, HIPPA related medical files, and trade secrets.

7       **2.**      The defendants were motivated variously by vindictiveness, ego,

8   pettiness, bullying tactics, an attorney's desire to gain an unfair negotiating advantage

9   for his client in a divorce proceeding and his desire to show-off to a wealthy client the

10  lengths he will go to appease her whims. With their different motivations but common

11  tactic, the defendants at various times broke into plaintiff's computers, embedded

12  internet devices, and hard drives, and/or ordered such trespasses, installed spyware,

13  stole plaintiff's confidential data, interfered with plaintiff's access to his own computers

14  and data, and used the stolen data to cause harm to plaintiff and thus violate the federal

15  Computer Fraud and Abuse Act.

16

17                              **THE PARTIES**

18      **3.**      Plaintiff Mark Phillips is an individual and as the date of the filing of this

19  complaint is married to Jennifer Schweickert.  Plaintiff and defendant Jennifer filed for

20  divorce on March 5, 2018.  Defendant Joyce, defendant Jennifer's mother hired longtime

21  family attorney defendant T. Jeff Keane and his law office to represent her.  Plaintiff

22  resides in King County, Washington.

23      **4.**      Defendant Joyce Primm Schweickert is the mother-in-law of Plaintiff,

24  mother of defendant Jennifer, financier of the divorce proceedings with her longtime

25

26

27  Complaint— 2                                    **MARK PHILLIPS**

28                                          288 106TH AVENUE N.E. STE. 1501
                                                BELLEVUE WA 98004
                                            MARK.PHILLIPS@GMAIL.COM
                                                  206.607.9415

1  family attorney defendant Jeff Keane, and at all times material hereto was a resident of

2  King County, Washington.

3       **5.**     Defendant Jennifer Paige Schweickert was at all times material hereto a

4  resident of King County, Washington.

5       **6.**     Defendant attorney T. Jeffrey Keane was all times material hereto a

6  resident of King County, Washington.

7       **7.**     Defendant Keane Law Offices is a private law office owned by principal

8  and defendant T. Jeffrey Keane and is located 100 NE Northlake Way #200, Seattle WA

9  98105.

10      **8.**     Does 1-5 are individuals who acted in concert with the named defendants

11  in illegally accessing, interfering with, misappropriating and/or damaging plaintiff's

12  computers.

13

14                        **JURISDICTION AND VENUE**

15      **9.**     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

16      **10.**    This Court has supplemental jurisdiction over the state law claims

17  pursuant to 28 U.S.C. §1367, as they form part of the same case or controversy as the

18  federal Computer Fraud and Abuse Act claim.

19      **11.**    This Court has personal jurisdiction over all defendants because each

20  defendant conducts business activities in this jurisdiction and has caused harm to

21  plaintiff in this jurisdiction.

22      **12.**    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c)

23  because, *inter alia*, Defendants have substantial contacts with and/or may be found in

24  this district; many of the events giving rise to this lawsuit have arisen and continue to

25

26

27  Complaint— 3

28

                                                 **MARK PHILLIPS**

                                        288 106TH AVENUE N.E. STE. 1501
                                              BELLEVUE WA 98004
                                        MARK.PHILLIPS@GMAIL.COM
                                                206.607.9415

1  occur in this district; and defendants have committed the majority of their alleged

2  tortious acts in this district.

3  **FACTUAL ALLEGATIONS**

4  **13.**    On October 25, 2012, Mark and Jennifer began a long-distance romantic

5  relationship, in part facilitated by Joyce, defendant's mother.  Mark and Jennifer bonded

6  over the shocking behavior by Joyce and Jeff aggressively bullying and humiliating her

7  ex-live-in "husband," Steve Schweickert.  Steve had recently been discovered to have

8  led a decade-long secret life in online dating.

9  **14.**    Joyce having been humiliated by Steve turned to Jeff and instructed him

10  to destroy Steve "legally."  Steve had sued Joyce claiming that they had formed a

11  meritorious relationship entitling him to a million dollars.  Opportunistic attorney Jeff

12  auspiciously agreed to "defend" Joyce, keenly aware of his client's ability to settle, but

13  not until he had exhausted all the legal "procedures" and investigations afforded by the

14  process leading up to trial.  Jeff would later brag that he "pushed Steve around."  Joyce,

15  in part, a wiling dupe, would later admit she enjoyed harassing Steve and his new love

16  interest.

17  **15.**    During this litigation, Joyce financed, facilitated and ordered the full

18  investigation of Steve, the women he was involved with, and authorized the mining of

19  all his computers, files, and accounts.  Jeff discovered many emails with other women

20  that Joyce previously knew nothing about and uncovered a particularly salacious hand-

21  made collage of nude professionally taken digital images of Jennifer.   Jeff provided

22  Joyce with these voluminous nude pictures of Jennifer in printed form which Joyce

23  would show to various people from time to time.  The mining of Steve's computers was

24  instrumental in the harassment and embarrassment of Steve enabling Jeff the leverage

25

26

27  Complaint— 4                                    **MARK PHILLIPS**

28
288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

1  he needed to settle the case for $60,000.  In short, Joyce and Jeff have employed this

2  hacking tactic successfully in 2013 and are now again employing it against plaintiff.

3      **16.**    Jeff would use the aforementioned hacked emails, and facts in pleadings

4  to Joyce's delight.  Jeff would often brag that Joyce had "infinite" amounts of money to

5  litigate, a claim he made to plaintiff numerous times and to attorneys of opposing or

6  adjacent litigation in which Joyce would claim an interest. On some other occasions, Jeff

7  would caution those that would pursue claims against Joyce, citing the same "infinite

8  resources."

9      **17.**    During plaintiff's time as a family member of the Schweickert household,

10  he witnessed firsthand how Jeff postured and duped Joyce, a routine pointed out by

11  Jennifer.  Ironically, Joyce and Jennifer complained constantly of the exorbitant fees

12  charged by Jeff while admitting that he managed them by instilling fear.

13      **18.**    Emblematic of Jeff's employing similar computer hacking tactics to

14  successfully gain an unfair advantage can be found in Schweickert vs. Schweickert Case

15  No. 11-3-07507-2 SEA at King County Superior Court:

16      "An investigation which included forensic examination of various computer

17      hard drives has revealed at least partial evidence of the actual activity of Stephen

18      Schweickert during the 2003 time frame. During that time Stephen--acting as a

    'computer helper' to Joyce's adult daughter Jennifer--worked on Jennifer's home

19      computer in Los Angeles. During his 'work,' he located nude pictures of Jennifer

20      which Jennifer had stored on her computer. Without telling anyone, Stephen

21      removed those nude pictures (approximately 300 pictures in total) and placed

    them on his computer. He later moved the pictures to the hard drive of a later

22      version computer he had purchased using Joyce's funds. He even created a

23      pornographic 'collage' of photos of other nude females into which he placed

    some of the nude pictures of Jennifer. It is difficult to reconcile Stephen's claim of

24      a 'commitment' to Joyce when one is made aware of these kinds of activity, only

25      some of which could be detected since Stephen was generally scrupulous about

    scrubbing and deleting material from his computers. **These images were**

26

27  Complaint— 5

28

**MARK PHILLIPS**

288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

**obtained using forensic experts since they were carefully secreted on Stephen's computer such that a normal user could not locate them.** See, generally, Declaration of Shane Babbitt, Ex. C, forensic computer consultant."[1]

19.     In this litigation, defendants deposed plaintiff on October 28, 2012 as a friendly witness.  Plaintiff shared yet even more revelations, which culminated, at one-point, to Joyce bursting into tears and crying on the shoulder of plaintiff.  Jeff would later state that plaintiff was a "good guy" and "upfront and honest."

20.     Days after the deposition, Plaintiff called Joyce to check in on her. Plaintiff would later learn that the phone call was recorded by Joyce and distributed to 3rd parties unbeknownst to him. Plaintiff learned that this behavior was routine for Joyce despite being illegal.

21.     Despite the odd behavior of Jennifer's mother Joyce, plaintiff became involved with Jennifer and they dated until June of 2013 when she moved to Seattle from Los Angeles to be with him.  During this period of time, Jennifer communicated with plaintiff almost exclusively on his 2012 Apple MacBook Pro.

22.     In June of 2013 when Jennifer and plaintiff moved in together, Jennifer witnessed first-hand the volume of computer back-ups, embedded devices, and past computers which plaintiff kept organized and eventually in storage when they moved to Queen Anne in 2015.  Jennifer almost exclusively relied on Joyce for the purchase of computers and for that matter all financial support.

23.     Between the summer of 2013 and fall of 2017, none of the defendants were given authorization to access any of plaintiff's computers or files without his permission of which was rarely given only in the event of his hospitalization and even then for the limited use for paying bills or accessing an online bill pay account.  Defendants were

---

[1] Defendant Joyce Schweickert Motion for Summary Judgement in Schweickert vs. Schweickert Case No. 11-3-07507-2 SEA, pg. 3 Footnote

Complaint— 6

1   also aware that unauthorized access to plaintiff's devices would give rise to civil and

2   possibly criminal liability, because he emailed them several times warning them of

3   such.

4       **24.**    For example, in October of 2017, Jennifer spent time secretly accessing

5   plaintiff's computer copying e-mails, taking screenshots of documents and secreting the

6   files to her e-mail.  Plaintiff's computers automatically sent notifications to him of

7   Jennifer's activity.  Plaintiff informed Jennifer that she should ask him for information

8   instead of snooping surreptitiously.

9       **25.**    Several weeks later, Jennifer complained that she was jealous that plaintiff

10  had emailed an old female friend and shared his disappointment with her about

11  Jennifer's ill treatment of him, including the physical and verbal abuse she subjected

12  him to during the marriage.  Jennifer was humiliated, embarrassed, and fearful of how

13  she was being portrayed and sought to exert more control over plaintiff by imposing

14  stricter requirements for "medical care."  Jennifer would routinely "punish" plaintiff by

15  taking away his medication and withholding financial support.

16      **26.**    In the interest of caring for his marriage, plaintiff complied, despite

17  having reservations about her true intentions.  It was common for Jennifer to use

18  medical treatment and ailments to solicit sympathy and attention from Joyce.  Jennifer

19  would also routinely "fire" any medical provider who did not support her "WebMD"

20  diagnosis of herself.  Nonetheless, plaintiff became more and more frustrated that

21  Jennifer was withholding support from him while also consuming copious amounts of

22  ketamine and bursting into screaming tirades leading to many domestic violence

23  attacks against plaintiff.  One such outburst culminated in Jennifer's arrest.

24

25

26

27  Complaint— 7

28

**MARK PHILLIPS**

288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

1    **27.**    Plaintiff believes that Jennifer's paranoia over plaintiff seeking out
2    domestic violence counselling fueled her need to "spy" on plaintiff and led eventually
3    to her partnership with the other defendants to invade plaintiff's computer privacy.

4    **28.**    In addition to Jennifer secretly accessing plaintiff's computer, she created
5    subterfuges in which to seek further and deeper access to plaintiff's servers such as the
6    need to change payment information and account authorization.

7    **29.**    One such scheme she employed on November 12, 2017.  During plaintiff's
8    hospitalization, Jennifer emailed him notifying him that "he was not being hacked," but
9    that she was resetting and trying various passwords to become the Apple family
10   account organizer.  Jennifer knew that plaintiff employed long passwords, two-factor
11   authentication, and was concerned about hacking by 3rd parties as he was previously
12   victim to such crimes.  Jennifer also knew that she was only authorized to change the
13   Apple family organizer and re-login into the Apple TV devices – but not authorized to
14   install, copy, collect screenshots, distribute or tamper with any of plaintiff's laptops.
15   Despite this limited scope of authorization, Jennifer exceeded her authorization and
16   shortly thereafter, March of 2018, trafficked in his passwords.

17   **30.**    As defendants had earlier threatened, defendants conspired to steal
18   plaintiff's passwords, computers, embedded devices, and hard drives and provide them
19   to Jeff to hack into and do what he did with Steve.

20   **31.**    As one of plaintiff's computer servers logged, on March 2, 2018, Jennifer
21   disconnected plaintiff's 2012 Apple MacBook from the home network and provided the
22   laptop to Jeff.  Jennifer refused to provide plaintiff with his computers between
23   September of 2017 through March of 2018, depriving him of their uses and access to his
24   data.  In March when Jennifer provided Jeff with plaintiff's dozen servers, laptops, and
25   embedded computers and over a two dozen hard drives – she knew that her mother
26
27   Complaint— 8
28

**MARK PHILLIPS**

288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

1    had ordered and agreed to pay for the hacking into them for data. Defendants agreed

2    to create a duplicate copy of all of plaintiff's physical files, confidential information, and

3    communications. In March of 2018, when Jennifer provided the computers, she also

4    forwarded emails to Jeff with passwords she had surreptitiously gained from plaintiff

5    with the previously detailed ruses.

6        **32.**    In order to continue to molest plaintiff's electronics unencumbered, Jeff

7    threatened plaintiff with a restraining order if he contacted Jennifer – including

8    informing plaintiff that she could "disparage" him if she wished to 3rd parties, which

9    she was prone to do. Plaintiff was frustrated that he could not access his files,

10   accounting information, and use of his computers as he was planning to go to school for

11   computer science and lacked his own laptop to work on. This frustration lasted from

12   August of 2017 through November 21, 2018 - almost a full year.

13       **33.**    In addition to the 2012 Apple MacBook Pro, each of the other computers

14   and hard drives were labelled with plaintiff's previous company A DOT Corporation,

15   with an asset tag, were also password protected, locally encrypted, used for internet

16   commerce and in all cases contained source code and business documents confidential

17   to plaintiff, his former companies, and the clients he represented. Any "computer

18   forensic examiner" would easily recognize by the BIOS, operating system, and state of

19   the computers that they were not purchased between 2015 through 2018, the period of

20   time in which plaintiff was involved with defendants.

21       **34.**    Between March of 2018 through October 2018, defendants deprived

22   plaintiff use of his computers and data. And until November 21, 2018 defendants

23   deprived plaintiff use of his 2012 Apple MacBook Pro while mining them for emails,

24   web history, and ostensibly materials used to embarrass, humiliate, and coerce him to

25

26

27   **Complaint— 9**

28

**MARK PHILLIPS**

288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

1   giving up his legal rights, use of digital property, and actual property which defendants

2   retain and have secreted in undisclosed storage facilities under their sole control.

3        **35.**    On October 26, 2018, frustrated with Jeff's repeated false promises of

4   returning plaintiff's laptop to him, plaintiff filed a motion with King County family law

5   court seeking among other things, the return of his personal computer, the 2012 Apple

6   MacBook Pro.  In those pleadings, plaintiff reiterated and presented emails from

7   defendants where he has asked for his computer and defendants had made false

8   promises after false promises to return them, only to secretly be ordering Does 1-5 to

9   hack into the computers to "image" them without detection. Ostensibly to traffic in such

10   information, Joyce ordered and authorized such trespass as she had done so years

11   before with Steve when computer forensic experts were retained.

12

13                            **Plaintiff's Computers**

14        **36.**    On October 19, 2012, plaintiff purchased the 2012 MacBook Pro 15" Retina

15   (2.7 GHz Intel Core i7 and 16 GB of 1600MHz DDR3 RAM).  This was the same laptop

16   which Jeff would refer to in his November 21, 2018 letter announcing its return, while

17   pretending not to know if it was the right laptop, stating: "If this is the wrong laptop,

18   please immediately advise."  Defendant later admitted that he imaged the computer,

19   thereby accessing its serial number, computer date, and user accounts.

20        **37.**    In addition to this laptop, plaintiff had numerous other Internet capable,

21   interstate commerce enabled computers at his former residence on Queen Anne to

22   which Jennifer had sole access throughout 2018.

23        **38.**    Defendants continue to deprive plaintiff of the following computers, with

24   the exception of the first which was returned in November 21, 2018:

25

26

27   **Complaint— 10**

28

**MARK PHILLIPS**

288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

a.  2012 Apple Mac Book Pro 15" ($3,059.00)[2]

b.  2014 Apple Mac Book Air 13" ($1,319.00) (Serial No. C02M50W3FLCG)

c.  iPad Mini (Black) ($419.00)(Serial No. F4KMC5DVFCM5)

d.  iPad Air 2 ($449.00)(Serial No. F6QSP00FG5YR, IMEI 35-207107-63679322)

e.  Apple TV 4 ($169.00)(Serial No. DY3T9M2FG9RM)

f.  Apple TV 4 ($169.00)(Serial No. C07V6NHRHNM4)

g.  Additional computers which may have been tampered or imaged by defendants include (2) DELL Poweredge 2950, which oddly would not turn on when returned to plaintiff – but had loose hard drives within.

h.  (2) Sony Viao TP and Sony Viao Laptop

i.  16 250GB 2.5 Hard drives

j.  10 500GB-5TB Hard drives – additional hiring of forensic computer experts will review these devices for similar treatment of the system log files.

39.     In total, over $15,000 in computer hardware, accessories, were retained by the defendants, depriving plaintiffs of their use and by defendant's own motion to continue dated November 20, 2018 inhibited his ability to respond to request for production in a timely manner causing additional litigation expenses.

## Conspiracy to Commit Fraud

40.     Joyce sought to meet with plaintiff in August of 2018 to discuss agreeing to signing a divorce decree and "walk away" from his belongings, property and rights. At the meeting, which occurred on August 4, 2018, Joyce claimed that if plaintiff did not

---

[2] Apple Computer Online Refurbished Pricing

---

Complaint— 11

**MARK PHILLIPS**

288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

1  agree to her demands, she would "spend whatever it takes" to destroy him legally.

2  Joyce offered plaintiff a "take it or leave it" sum of $60,000.  Defendants at this time had

3  in their possessions plaintiff's computers, plaintiff's data, plaintiff's passwords, and

4  were in effect attempting to blackmail plaintiff under the threat of year-long litigation

5  and humiliation.

6    41.    As the months passed, Jeff would remind plaintiff through publication of

7  his HIPPA protected information in pleadings and e-mails that it would end if plaintiff

8  would agree to a sum in the "five figures."  On October 18, 2018, Jeff e-mailed to

9  plaintiff, "I told you before that when you get to five figures you have a real chance of

10  settling."

11    42.    Defendants have operated with impunity stealing plaintiff's possessions,

12  accessing his private confidential information, hacking into his browser, and are

13  underway accessing his private confidential medical history to force a settlement with

14  plaintiff and steal from him any rights he may hold, his property, and his dignity.

15    43.    In conjunction with Jeff, Joyce orchestrated and ordered the hacking into

16  plaintiff's computers by ordering Jennifer to do as she told.  As Jennifer received her

17  entire income from Joyce, Jennifer does not argue with Joyce – especially with regards

18  to legal matters of which Joyce is funding.  Joyce was motivated to orchestrate these

19  hacking and blackmail activities because she enjoys the entertainment of the litigation

20  and dissemination of plaintiff's private HIPPA information.  During the majority of the

21  marriage Joyce enjoyed retaining the entirety of plaintiff's property in an undisclosed

22  storage unit, only to have cherry-picked plaintiff's belongings and dumped the rest.

23    44.    Plaintiff repeatedly on separate occasions and in writing requested from

24  Jeff the return of his property, in addition to the computers and data. Jeff responded by

25

26

27  Complaint— 12

28

1    claiming that Joyce and Jennifer either disposed of the items, or the items had been

2    gifted to them by plaintiff – which is a falsehood.

3        **45.**     At the same time Jeff was claiming his clients retain ownership of the

4    items "gifted" to them, he stated in a November 30, 2018 pleading to the Court that he

5    had a right to "image" plaintiff's computers because Joyce and Jennifer actually paid for

6    them, including the Macbook Pro.  In fact, defendants collectively and unilaterally have

7    stolen what items they wanted of plaintiffs, disposed of other items of personal and

8    sentimental value to plaintiff, and returned what they have already "imaged,"

9    "processed," or installed with spyware.

10       **46.**     Property which has been stolen in addition to the data by the defendants

11   include:

12         a.   Vietnamese Kim Thahn gold bullion "bars" or leaves – actual gold

13            content of 1.205 troy ounce (37.5 grams) – currently on eBay for $1,149

14            for a half ounce or $2,298 total.

15         b.   Dimond Bike Frame valued at $5,000

16         c.   Cannodale Bike frame and bike, including accessories, $5,000

17         d.   SmartCar, $5,000, in plaintiff's name

18         e.   Woman in Pink Painting, $35,000

19         f.   Hermes Large Format Watch and Orange Band, $10,000

20         g.   Snowboard and accessories, $3,000

21       **47.**     In addition to the physical computers that plaintiff owns, he also licenses

22   computer software for exclusive use, including accounting program QuickBooks, Apple

23   Developer Network, iCloud services, and Microsoft Outlook, Microsoft Word,

24   Microsoft Excel, and GoPro Video editing software bundled with its GoPro cameras.

25

26

27   Complaint— 13

28
                                        **MARK PHILLIPS**

288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

48.   All computers, iPads, and devices owned by plaintiffs are connected to the internet and/or used in interstate commerce.

49.   Plaintiff's computers are all password protected, locally encrypted, server encrypted and when connected require server (Apple iCloud) authentication to access. Jennifer had access to plaintiff's passwords until December of 2017 so that she could make accounting changes while plaintiff was hospitalized.

50.   Jennifer had plaintiff's passwords for the sole purpose of accessing plaintiff's iCloud or laptop computers to update any account information while plaintiff was hospitalized. Jennifer had no permission to access plaintiff's data, personal emails, documents, work product, accounting or other business records.

**Defendants Admit Hacking and "Imaging" Plaintiff's Computers**

51.   In the possession of defendants, plaintiff's computers were hacked, its data copied, and mined for all its information, which Jennifer and Jeff admit to under penalty of perjury in pleadings.

52.   Jeff's motivations were laid out in a June 6, 2018 email to Mark:

".. **So far you have completely ignored my entreaties to you to agree to a form of property settlement agreement and dissolution decree which should be easy to negotiate.** If your reluctance to engage in that process comes from your misbelief that the outcome of this is not going to be a decree of dissolution I think you are kidding yourself.

The best thing you could do to help yourself move along in life is to resolve this matter on known terms without a trial.

If you, in response to this note, treat it like my former notes to you requesting the same engagement from you, **we will thereafter assume it is necessary to discover the case, take your deposition, and prepare for trial.** I think that is a

Complaint— 14

**MARK PHILLIPS**
288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

**complete time and money sink, and for no good reason.** But, quite obviously, I can force you to do nothing ...." (emphasis added)

53.     Jeff knew full well at this time that he was not going to participate in discovery, but rather employ the tactics he had successfully used in the previous matter with Joyce.

54.     For example, on October 8, 2018 plaintiff e-mailed Jeff and his assistant Donna the following:

> **"Jeff, ... as you know as you know, I have withdrawn my permission for Jennifer (or you for that matter) to access my electronic equipment - and as you aware, the computers and drives accessed beyond my permission and with encryption is legally problematic -...but given that this is the 4th time I have requested in writing and you continue to dissemble - I am concerned and will raise this issue with the court."** (Emphasis added)

55.     Jeff, operating with impunity and above the law responded to Mark with the following: "It will help if you stop making things up Mark. Jeff"[3]

56.     On October 18, 2018 plaintiff wrote to Jeff,

"Finally, the following description of items that were not returned to me presumably because you are rifling through them. However, please provide me with a date and time when you will be able to deliver these things to me so that I can avoid the expense of filing another motion/scheduling a hearing. ...

All electronics from hard drives, USB storage drives to laptop and computers."

57.     On October 19, 2018 plaintiff wrote to Jeff and Ally Nelson

(aen@tjkeanelaw.com),

"However, what is noticeably missing is my 2012 MacBook Pro which is remotely encrypted  remotely locked, internet connected and notifies me of its

---

[3] October 8th, 2018 Email between Phillips and Keane, Purcel Re: Delivery

---

Complaint— 15

**MARK PHILLIPS**

288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

last location  as well as the associated computer accessories from my office on
Queen Anne. This laptop and the accompanying hard drives which it backed up
to were specifically monitored for illegal and unauthorized access and logged
such activity for this particular situation. I am demanding its immediate return
as any access to the devices would be further breaches in CFAA 18 U.S.C. Section
1030 (https://en.wikipedia.org/ wiki/Computer_Fraud_and_Abuse_Act).
Jennifer can share with you when I caught her exceeding her authority on this
laptop and took a screenshot. This is not acceptable behavior in "nofault"
marriage dissolution. [4]

58.     Defendants at the same time were actively ordering the hacking, installing
of hacking software, and stealing of plaintiff's data as reported by the computer
system's logs (which were not deleted or manipulated by the defendant's tactic of
obfuscating dates, despite their extraordinary efforts).  The obfuscation of defendant's
trespass is ironic given Jeff's earlier pleadings regarding Steve's treatment of the nude
Jennifer photographs. Jeff wrote: **"[nude photographs of Jennifer] obtained using
forensic experts since they were carefully secreted on Stephen's computer such that a
normal user could not locate them."**

59.     Server logs from plaintiff's computer report that between August 9, 2018
through August 16, 2018, plaintiff's 2012 Apple Mac Book Pro[5] was accessed daily,
including being connected to a Thunderbolt drive to copy its hard drive.  Defendants
kept the computer on a subnetwork so as to not allow the computer to inform iCloud of
its location, used a local hard drive to boot the computer into recovery mode and
bypass its operating system, despite accessing the operating system using stolen

---

[4] E-mail between Phillips, Keane, Ally Nelson Re: Delivery of Computers

[5] Excerpt of 2012 Apple System Logs for August and October "Wake Events"

Complaint— 16

**MARK PHILLIPS**

288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

1    passwords in which defendant's trafficked to gain access to plaintiff's other internet

2    passwords, banking information, and confidential information.

3                    **Defendants Knew Accessing Computers Was Illegal**

4           **60.**    On October 7, 2018, plaintiff sought a court order for the return of his 2012

5    Apple MacBook Pro, which defendants had continued to deprive him of.

6           **61.**    Server logs demonstrate that defendants had illegally collected data up

7    until August 2018 having the computer since March of the same year.  Unsatisfied and

8    apparently unfinished defendants needed more time before the upcoming hearing.  In

9    order to accomplish this, defendants sought to have the hearing postponed until the

10   26th, ostensibly to provide Does 1-5 more time to steal plaintiff's online data by hacking

11   into his Chrome browser files and decrypting his encryption keys.

12          **62.**    On October 26, 2018, King County Superior Court ordered the return of

13   the 2012 Apple MacBook Pro, which defendants ignored and incredulously continued

14   their data theft and fraud by continuing to access and steal information as reported by

15   the computer's system logs.  Despite defendants' efforts to conceal their fraud, theft of

16   its hard drive files and the installation of hacking software - Tampermonkey, a Chrome

17   script plugin designed to collect all internet traffic history including internet commerce

18   related information.  Tampermonkey also is capable of continuously running user

19   scripts undetected and thereby allowing defendant's continual access to plaintiff's

20   accounting and private, internet information.

21          **63.**    After the laptop's data was fully copied and internet history mined,

22   defendants went to lengths to conceal their access by resetting the operating system

23   clock to December 30, 2016 to obfuscate the log files and deleted all previous system

24   logs evidencing their trespass. In addition, defendants deleted traces of their access to

25   Internet Chrome and the installation of the hacking software.

26

27   Complaint— 17                                      **MARK PHILLIPS**

28                                        288 106TH AVENUE N.E. STE. 1501
                                              BELLEVUE WA 98004
                                         MARK.PHILLIPS@GMAIL.COM
                                                206.607.9415

64.     Plaintiff's iCloud and built in Apple "theft and lost application" was thwarted by defendants sophisticated hacking techniques.

65.     The internet browser installation of a Chrome extension TamperMonkey (https://tampermonkey.net) which itself installed a number of "scripts," is designed to further access all of Chrome's internet history files, including past browsing history, current browsing history, Facebook passwords, online passwords, medical records, credit card information, and any information exchanged on the internet.  Defendants and Does 1-5 hacked plaintiff's login Chrome and Google account.  Defendants and Does 1-5 took great care to cover their tracks on the installation and operation of TamperMonkey scripts.

66.     On November 21, 2018, after almost a month after a court order was issued to defendants to return plaintiff's property, Jeff delivered just the one 2012 Apple Macbook Pro.6

67.     Upon delivery the 2012 Apple MacBook Pro was noticeably without its protective case, power supply, and other accessories.  Ostensibly, the laptop was returned without its accessories to delay the discovery of its breach as the power cable was necessary to acquire before substantial analysis could be conducted.

68.     Not coincidently, defendants filed a motion in the divorce proceedings to immediately continue the trial citing that plaintiff had "substantially obstructed discovery" and that defendants had not been able to acquire any information.  Under penalty of perjury defendant Jeff stated, "Petitioner's [defendants Jennifer and

---

6 November 21, 2018 Letter from defendant Keane to Mark Re: Return of 2012 Apple MacBook Pro

Complaint— 18

**MARK PHILLIPS**

288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

1  ostensibly Joyce] access to information about respondent has been obstructed by

2  respondent [Mark], to date.[7]

3  **69.**   Defendant's own declaration states that discovery requests were issued to

4  plaintiff on August 23, 2018.  Computer server system log files recorded the laptop was

5  accessed almost for a week continuously immediately prior.  As well as the time of Jeff's

6  declaration, defendants had recently copied the hard drive and installed spyware on the

7  returned laptop on October 30, 2018.

8  **70.**   Defendants dissembled to the King County Superior Court regarding their

9  lack of discovery when having received over 3,800 pages of production, copying over 5

10 terabytes of stolen data, and employing Chrome browser hacker scripts to capture

11 internet data – yet, no less than a dozen times pleaded with the court to continue with

12 subpoenaing plaintiff's medical records.

13 **71.**   Jeff's assistant Donna participated in the fraud by lying about covering up

14 the efforts of defendants and the Does 1-5. On November 27, 2018, plaintiff wrote to

15 Donna asking if he could pick up the power supply – as the computer was returned to

16 him with no dongles, power cords, USB cables, laptop cover, or any of the normal

17 accessories kept with his computer.  Donna responded, "We do not have any other

18 (Schweickert/Phillips) computer equipment in the office," [8] despite the fact that the

19 laptop logged additional equipment used in its operation just 20 minutes before it was

20 returned to plaintiff.

21 **72.**   On November 21, 2018 (almost a month after the Court order) defendants

22 returned the laptop along with a letter from Jeff stating, "With this letter we are

23

24

[7] November 20, 2018 Declaration of Keane in support of Petitioner's Motion to
25 Continue Trial
26 [8] November 27, 2018 Email between Phillips and Pucel Re: 2012 MacBook

27 **Complaint— 19**                                                    **MARK PHILLIPS**

28                                                         288 106TH AVENUE N.E. STE. 1501
                                                                 BELLEVUE WA 98004
                                                          MARK.PHILLIPS@GMAIL.COM
                                                                   206.607.9415

1   providing you with your laptop.  If this is the wrong laptop, please immediately

2   advise."[9]

3       **73.**    Jeff lied to the court that he had authority to access plaintiff's computers

4   because his clients purchased the equipment, when he knew that was demonstrably

5   false.

6       **74.**    On November 29, 2018, Jeff admitted under sworn testimony that he

7   illegally accessed plaintiff's laptop, stating in part, "Various computer hard drives were

8   imaged by forensic experts we hired in order to preserve what was on the computers, or

9   to at least preserve what could be imaged".[10]

10       **75.**    Defendant Jeff then lied to the Superior Court, "There were multiple

11   Apple computers used by Mr. Phillips during the marriage but none of them were his."

12       **76.**    Jeff was informed multiple times by plaintiff that his computers were his

13   prior to the marriage.

14                                       **Plaintiff's Damages**

15       **77.**    Plaintiff has been damaged by having to expend substantial time, money,

16   and resources to identify the scope of the damage to plaintiff and the extent of

17   defendants' (including Does 1-5) fraud, theft and destruction of property. These

18   damages include hiring computer technicians to assess the damage to plaintiff's

19   portable computers, which also includes the costs of investigating the fate of plaintiff's

20   larger computers and data in the control of defendants and their cohorts.

21       **78.**    Some of plaintiff's computers are believed to have been reformatted,

22   overwritten, imaged and copied, all of which affect the integrity of any data remaining

23   and effectively destroys much or all of the original data.

---

24   [9] November 21, 2018 Letter between Keane and Phillips Re: Court Order of
25   October 26, 2018
26   [10] Petitioner's Reply Declaration of T. Jeff Keane to his Motion to Continue
dated November 29, 2018.

---

27   **Complaint— 20**

28                                             **MARK PHILLIPS**

288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

1

2

3      **First Cause of Action**
       **Breach of the Computer Fraud and Abuse Act, 18 U.S.C. §1030**
4                   **(Against All Defendants)**

5

6      **79.**    Plaintiff's monetary damages are estimated to exceed $250,000.

7

8      **80.**    Plaintiff repeats and incorporates by reference each allegation in
paragraphs 1 through 79 as if set forth fully herein.

9

10     **81.**    All of Plaintiff's computers and computing devices are protected
computers involved in interstate commerce within the meaning of the CFAA.

11

12     **82.**    By their actions, each and every named Defendant and Does 1-5 acting in
concert with them either directly accessed plaintiff's protected computers or instructed
such computers to be accessed without either plaintiff's knowledge or authorization.

13

14     **83.**    Defendants, including Does 1-5, have violated the Computer Fraud and
Abuse Act, 18 U.S.C. §1030(a)(2)(C), by intentionally and without authorization
accessing one or more protected computers belonging to plaintiff, and by obtaining
information from such protected computers, including but not limited to confidential
banking and accounting records belonging to plaintiff's former company's clients.

15

16     **84.**    Defendants, including Does 1-5, have violated the Computer Fraud and
Abuse Act, 18 U.S.C. §1030(a)(4), by knowingly, and with intent to defraud plaintiff,
accessed one or more protected computers belonging to plaintiff without authorization,
and by means of such conduct furthered the intended fraud and obtained one or more
things of value, including but not limited to confidential banking and accounting
records belonging to plaintiff.

17

18     **85.**    Defendants, including Does 1-5, have violated the Computer Fraud and
Abuse Act, 18 U.S.C. §1030(a)(5)(B), by intentionally accessing one or more protected

19

20

21

22

23

24

25

26

27     Complaint— 21

28

**MARK PHILLIPS**

288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

1 computers belonging to plaintiff without authorization, and as a result of such conduct,

2 recklessly caused damage to plaintiff, including but not limited to impairing the

3 integrity and availability of data and/or information belonging to plaintiff and by

4 hacking into plaintiff's computers, rendering hard drives inoperable, manipulating the

5 integrity of the computer system, deleting log files, system clocks, and changing his

6 passwords without plaintiff's permission.

7      **86.**    Defendants, including Does 1-5, have violated the Computer Fraud and

8 Abuse Act, 18 U.S.C. §1030(a)(5)(C), by intentionally accessing one or more protected

9 computers belonging to plaintiff without authorization, and as a result of such conduct,

10 recklessly caused damage and loss to plaintiff, including but not limited to impairing

11 the integrity and availability of data and/or information belonging to plaintiff by

12 hacking into plaintiff's computers and changing its passwords without plaintiff's

13 permission, and by causing plaintiff to incur damage and loss in the form of costs

14 associated with expending substantial time, money, and resources to identify the scope

15 of the damage to plaintiff and the extent of defendants' fraud and theft.

16      **87.**    As a direct and proximate cause of defendants' deliberate misconduct,

17 plaintiff has suffered damages as alleged above, according to proof at trial, but

18 exceeding the sum of $5,000 within the year preceding the filing of this complaint.

19      **88.**    Plaintiff is entitled to a preliminary and a permanent injunction

20 prohibiting all defendants from accessing any of plaintiff's computers or using

21 plaintiff's data stolen from its computers, and a mandatory injunction requiring the

22 return of all plaintiff's data and/or computers in any defendants' possession or in the

23 possession of any party to whom defendants may have given the data and/or

24 computers.

25

26

27   Complaint— 22

28

**MARK PHILLIPS**
288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

**Second Cause of Action**
**Trespass to Chattels**
**(Against All Defendants)**

89.   Plaintiff repeats and incorporates by reference each allegation in paragraphs 1 through 88 as if set forth fully herein.

90.   Plaintiff owns and operates valuable chattels, including its computers and computer system, which also includes licensed computer programs such as QuickBooks and Microsoft Office used by Plaintiff and for his previous entities and business and for himself personally.

91.   By their acts described above, Defendants Joyce Schweickert, Jennifer Schweickert, T. Jeff Keane, Keane Law Firm, Does 1-5 have trespassed plaintiff's computer system, without justification or authorization by plaintiff, and thereby interfered with plaintiff's right to possess and operate its chattels during the time period when the computers were wrongfully accessed.

92.   Defendants Joyce Schweickert, Jennifer Schweickert, T. Jeff Keane, Keane Law Firm, and Does 1-5 have, after hacking into plaintiff's computers and computing devices, changed its passwords or ordered that its passwords be changed without plaintiff's permission, deleting its log files, changing its system time, thereby substantially interfering with plaintiff's right to enjoy its chattels without interference.

93.   As a proximate cause of Joyce Schweickert, Jennifer Schweickert, T. Jeff Keane, Keane Law Firm, and Does 1-5 wrongful, intentional and fraudulent conduct, plaintiff has suffered damages as alleged above according to proof at trial.

94.   Plaintiff is entitled to a preliminary and a permanent injunction prohibiting defendants Joyce Schweickert, Jennifer Schweickert, T. Jeff Keane, Keane

Complaint— 23

**MARK PHILLIPS**

288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

Law Firm and Does 1-5, from using, interfering or intermeddling with plaintiff's computers and/or its computer data.

### Third Cause of Action
### Conversion
### (Against All Defendants)

95.     Plaintiff repeats and incorporates by reference each allegation in paragraphs 1 through 94 as if set forth fully herein.

96.     Defendants Joyce Schweickert, Jennifer Schweickert, T. Jeff Keane, Keane Law Firm and Does 1-5 have willfully interfered with plaintiff's computers, taking possession of certain plaintiff's computers at different points in time from 2017 through the winter of 2018. These defendants' possession of plaintiff's computers was to the exclusion of plaintiff and prevented plaintiff from any use or enjoyment of the computers during the time that defendants possessed them.

97.     As a proximate cause of defendants Joyce Schweickert, Jennifer Schweickert, T. Jeff Keane, Keane Law Firm and Does 1-5s' wrongful, intentional and fraudulent conduct, plaintiff has suffered damages as alleged above according to proof at trial.

### PRAYER FOR RELIEF

98.     WHEREFORE, plaintiff Mark Phillips prays for judgment against defendants, jointly and severally, as follows:

99.     For actual and consequential damages in an amount to be determined at trial, but believed at this time to exceed $250,000;

---

Complaint— 24

**MARK PHILLIPS**

288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

1      **100.**    For the imposition of a constructive trust upon defendants' ill-gotten gains

2 as a result of the tortious activities detailed above, and disgorgement of said gains;

3      **101.**    For prohibitory injunction barring defendants from in any way accessing

4 plaintiff's computers, or using information stolen from plaintiff, for any purpose;

5      **102.**    For a mandatory injunction requiring all persons in possession of data

6 stolen from plaintiff to return such to plaintiff immediately and certify that they have

7 kept no copy or forwarded it to others;

8      **103.**    For exemplary damages for defendants' misconduct in an amount to be

9 determined at trial;

10      **104.**    For attorney's fees to the extent permitted by law;

11      **105.**    For costs of suit; and

12      **106.**    Such other and further relief as this Court deems just.

13

14                   **DEMAND FOR JURY TRIAL**

15      Under Fed.R.Civ.P. 38(b), Plaintiff demands jury trial of all issues raised by the

16 Complaint.

17

18 Date:  December 14, 2018

19

20                   By:

21

22                       Mark Phillips

23                       Pro Se

24

25

26

27 Complaint— 25

28

**MARK PHILLIPS**

288 106TH AVENUE N.E. STE. 1501
BELLEVUE WA 98004
MARK.PHILLIPS@GMAIL.COM
206.607.9415

Exhibit 4

Email Between Mark Phillips and Ally Nelson and Jeff Keane dated October 19, 2018
Re: Delivery of Computers

Exhibit 6

Accompanying Letter by Jeff Keane dated November 21st, 2018 Regarding Court Order
of October 26th, 2018 Return of Phillips' 2012 Apple MacBook Pro

Exhibit 9

Health Related Information Has been Redacted, Defendant Attorney T. Jeffrey Keane's
Admission to Hacking a Theft of Data Under Penalty of Perjury.

Ex 4

 Gmail

## FYI: Delivery of Computers
2 messages

---

**Ally Nelson** <aen@tjkeanelaw.com>                                                    Fri, Oct 19, 2018 at 10:31 AM
To: Mark Phillips <mark.phillips@gmail.com>
Cc: Jeff Keane <tjk@tjkeanelaw.com>

Mark,

I'm writing to let you know that Fleetfoot Messenger Service has picked up the computers and computer related gear belonging to you from our office this morning, and will be delivering it to Reed Yurchak's office by 2pm this afternoon. I called Mr. Yurchak's office when I scheduled the delivery and confirmed that someone would be available to receive it during the delivery window today. We also sent a receipt with the messenger which details the items being delivered (there are two copies of the receipt—one which will be signed and returned to us, and one for your records).

Thanks,

Ally E. Nelson

Legal Assistant

**KEANE LAW OFFICES**

100 NE Northlake Way, Suite 200

Seattle, WA 98105

(direct) 206-438-3725

(fax) 206-632-2540

---

**Mark Phillips** <mark.phillips@gmail.com>                                              Fri, Oct 19, 2018 at 12:39 PM
To: Ally Nelson <aen@tjkeanelaw.com>
Cc: Jeff Keane <tjk@tjkeanelaw.com>

Jeff,

Thank you for returning some of my older computers.  However, what is noticeably missing is my 2015 MacBook Pro which is remotely encrypted - remotely locked, internet connected and notifies me of its last location - as well as the associated computer accessories from the my office on Queen Anne. This laptop and the accompanying hard drives which it backed up to were specifically monitored for illegal and unauthorized access and logged such activity for this particular situation. I am demanding its immediate return as any access to the devices would be further breaches in CFAA 18 U.S.C. Section 1030 (https://en.wikipedia.org/wiki/Computer_Fraud_and_Abuse_Act).

Jennifer can share with you when I caught her exceeding her authority on this laptop and took a screenshot. This is not acceptable behavior in "no-fault" marriage dissolution.

Mark
[Quoted text hidden]

# KEANE LAW OFFICES

100 NE Northlake Way, Suite 200
Seattle, Washington 98105

(206) 438-3737 Facsimile (206) 632-2540

*T. Jeffrey Keane*
Direct: (206) 438-3735
Email: tjk@tjkeanelaw.com

November. 21, 2018

Mr. Mark Phillips
c/o Reed Yurchak
1215 120th Avenue NE, Suite 110
Bellevue, WA  98005

     RE:    Court Order of October 26, 2018

Dear Mark:

    With this letter we are providing you with your laptop.  If this is the wrong laptop, please immediately advise.

          Very truly yours,

          T. Jeffrey Keane

enclosure

The Hon. Regina Cahan
Noted: November 30, 2018
Without Oral Argument

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

In Re the Marriage of:

JENNIFER P. SCHWEICKERT,

    Petitioner,

vs.

MARK EDWARD PHILLIPS,

    Respondent.

No.   18-3-01411-9 SEA

**REPLY DECLARATION OF T. JEFFREY KEANE IN SUPPORT OF PETITIONER'S MOTION TO CONTINUE TRIAL DATE**

    T. Jeffrey Keane, being first duly sworn upon oath, under penalty of perjury hereby deposes and says:

    1.    I am over the age of majority, am competent to testify herein, and have personal knowledge of the matters stated;

    2.    I have reviewed the opposition to the motion and note three themes from respondent, which this response addresses in turn:

        a.    Discovery is already 'substantially complete;'

        b.    Petitioner has already subpoenaed (and, presumably, obtained) all relevant materials relating to respondent;

REPLY DECL. OF T. JEFFREY KEANE IN
SUPPORT OF PETITIONER'S MOTION TO
CONTINUE TRIAL DATE - 1

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington 98105
206-438-3737 • Facsimile 206-632-2540

**C.    Petitioner Accessed My Computer**

17.    One must use care when addressing what Mr. Phillips claims is 'his.' He entered the marriage with no money and few possessions and, thus, anything purchased was purchased by petitioner.  Further, when Mr. Phillips left petitioner's home in August, 2017, he left with an Apple computer, according to petitioner.   There were multiple Apple computers used by Mr. Phillips during the marriage but none of them were his.  Various computer hard drives were imaged by forensic experts we hired in order to preserve what was on the computers, or to at least preserve what could be imaged;

18.    Mr. Phillips's entire declaration in opposition to the motion concerns his unhappiness about this imaging.  There is nothing nefarious or sinister about the preservation of the information which was on our client's computer prior to the time it was surrendered to

REPLY DECL. OF T. JEFFREY KEANE IN
SUPPORT OF PETITIONER'S MOTION TO
CONTINUE TRIAL DATE - 7

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington  98105
206-438-3737 • Facsimile 206-632-2540

Mr. Phillips. Nor does the existence of an imaged hard drive justify respondent's efforts to obstruct and frustrate what could be relatively routine discovery in a short term marriage dissolution case;

**D.   Respondent's Claimed University Enrollment**

19.     Finally, Mr. Phillips claims that a delay in the trial date will hamper his efforts to begin, at age 44, university training in New Zealand.   Notably, nothing provided by respondent proves he: a) has applied for admission to university; b) is eligible for admission to university; c) is required by some external force to start university in February, 2019 (in this regard it should be noted that respondent has not worked since 2010 so his desire to return to school has been long in gestation) as opposed to some other date, and; d) has arranged a method of financing study outside the United States;

20.     As with many claims by Mr. Phillips, care should be taken to examine what, exactly, he provides to support what he says.   He actually gave this Court nothing which supports the argument that a trial continuance will frustrate this new claimed educational undertaking;

21.     Finally, as described above, much of the delay in accessing discoverable material has resulted from respondent actively impeding, or passively not facilitating, the discovery process.   Everything now sought could have been obtained already but for the resistance from respondent.   To both complain about a trial date delay and act in a manner which slows routine discovery processes should be seen for what it is;

**CONCLUSION**

22.     Respondent has basically produced nothing in discovery while contending otherwise. His full cooperation with prior efforts to obtain discovery would have put this case

REPLY DECL. OF T. JEFFREY KEANE IN
SUPPORT OF PETITIONER'S MOTION TO
CONTINUE TRIAL DATE - 8

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington  98105
206-438-3737 • Facsimile 206-632-2540

in a completely different posture. Instead petitioner is left to dig out of third parties the very information which respondent has possessed at all times dating back to the start of the marriage. There is no great need to pillory or criticize these tactics---they are common to lots of litigated matters;

23.     But this approach does set back the efficiency one strives to obtain in discovery efforts. Petitioner's request for a trial date change is modest, and tailored to the need to gather what is described above in order to prepare for trial;

24.     Petitioner respectfully requests that the Court grant the motion and delay trial by 90 days.

I SWEAR UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND THE STATE OF WASHINGTON THAT THE ABOVE AND FOREGOING IS TRUE AND CORRECT.

Signed at Seattle, Washington this 29th day of November, 2018.


T. Jeffrey Keane, WSBA #8465
Attorney for Petitioner

REPLY DECL. OF T. JEFFREY KEANE IN
SUPPORT OF PETITIONER'S MOTION TO
CONTINUE TRIAL DATE - 9

KEANE LAW OFFICES
100 NE Northlake Way, Suite 200
Seattle, Washington 98105
206-438-3737 • Facsimile 206-632-2540