The HONORABLE MARSHA PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK PHILLIPS,<br><br>      Plaintiff,<br><br>v.<br><br>JOYCE PRIMM SCHWEICKERT, and JENNIFER PAIGE SCHWEICKERT, THOMAS JEFFREY AND MARTHA J. KEANE, and DOES 1 thru 4, inclusive,<br><br>      Defendants. | Case Number: 2:18-CV-01804-MJP<br><br>**JOINT STATUS REPORT**<br>**RULE 26(f) UPDATE** |

Pursuant to the Court's Minute Order of **February 14th, 2019** (*see Dkt.# 10*), plaintiff hereby submit this Joint Status Report and Discovery Plan and informs the Court as follows.

Defendant Keane has filed his separate JSR (*see Dkt.# 25*) (see Decl. Phillips. at Ex. A)

**Statement of the Nature and Complexity of the Case.**

<u>Plaintiff's Statement.</u> Plaintiff alleges that defendants accessed protected computers, hard drives, without authorization, obtained confidential information including trade secrets, source code, passwords, emails, stored communications, and copyrighted material, interrupted Plaintiff's access to data, and damaged Plaintiff's data in violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. Plaintiff further alleges that defendants intentionally attempted to conceal their access to plaintiff's devices by deleting access logs and metadata on

**JOINT STATUS REPORT** — 1

the 2012 Apple MacBook Pro and manipulated the system clock causing erroneous timestamps of log files and file modification dates. Evidence of additional efforts of concealment exists.

Due to defendant Keane's prior attorney client relationships with the other named defendants he is claiming broad attorney client privilege and work-product obstructing discovery, while Plaintiff seeks facts and not advice to his client. Defendants have not responded to any communication regarding ESI, including confirmation of its preservation, and has expressed opinions that this case lacks doing so. In general, time has been added anticipating discovery related motion practice, or other obstruction plaintiff believes he will face.

The matter has some complexity.

**1. Proposed deadline for joining additional parties.**

Plaintiff's Statement. Plaintiff believes that a reasonable deadline for joining additional parties is **July 1, 2019**.

**Consent to Proceeding Before Magistrate Judge.** No

**2.    Discovery Plan.** The parties' discovery plan, incorporating the parties' views and proposals on all items in Fed.R.Civ.P. 26(f)(3), is below.

(A)    *Initial disclosures.* Both parties propose that initial disclosures be submitted by **February 28th, 2019**.

Plaintiff's Statement. Plaintiff has made many attempts to reach out to defendants regarding the Fed.R.Civ.P. 26(f) conference. Plaintiff has included each correspondence with defendants in his affidavit. Plaintiff seeks special discovery procedures and understandings. Special discovery procedures include preservation of electronically stored data on defendants and Capes & Powers' computers and phones, by a neutral 3rd party, and instruction from the Court regarding information which

defendant Keane claims is "privileged". Defendant's have not provided the duplicated data, nor identified specific individuals who participated in its extraction and how and where it was secreted.

  (B) *Subjects, Timing, and Potential Phasing of Discovery.*

<u>Plaintiff's Position</u>.

Plaintiff proposes the following subjects for discovery at this time:

1. All allegations asserted and defenses in the Complaint and Defendant's Answer to Plaintiff's Complaint.

2. Defendant's records documenting communications with each other and any third-party regarding Plaintiff's property, devices, access information, and payments and approvals to Keane Law Office or Capes and Powers, Inc. or any third party for the same. Other subject matter includes:

  a. Actual physical, personal, property owned by Plaintiff prior to October 20th, 2012 and or property gifted to him or purchased for him, used exclusively by him between October 15th, 2016 through November 2018;

  b. Identification of hard drives or computers or similar device as defined by (18 U.S.C. § 1030(e)(1));

  c. Cell phones and WIFI-base stations which submit wireless signals used in defendant's communications and extracting Plaintiff's information and data;

  d. Data extraction software and its storage;

3. Plaintiff's damages as described in the Complaint.

JOINT STATUS REPORT — 3

Plaintiff reserves the right to modify this discovery plan at any time and to seek discovery on any topic that is reasonably calculated to the discovery of admissible evidence. Plaintiff also plans to seek third party discovery from defendant's banking, accounting, IT and computer technician vendors to establish the motivations of defendants and value of secreting Plaintiff's data.

Sources of defendant's communication includes Gmail, iCloud e-mail, SMS / iMessage text messages, Facebook messages, Capes and Powers communications, Triple B Accounting and Outlook/Exchange.

As to the timing of discovery, Plaintiff proposes the Court enter the schedule set forth in the table below, including a discovery cut-off deadline of **January 31, 2020**. Discovery need not be conducted in phases.

    *(C) Electronically Stored Information.*

    <u>Plaintiff's Statement.</u>

Plaintiff has received no response from defendants regarding ESI, including his litigation hold letter of December 20th, 2018. Plaintiff provided Defendant with a draft Model ESI Agreement and Proposed Amendments on February 10th, 2019. Plaintiff proposes submitting to the court on February 25, 2019 a proposed ESI agreement containing each section for which they do not agree accompanied with a Joint Motion for the Court to enter an ESI agreement, pursuant to Local Rule 26(f)(4).

Plaintiff seeks the following ESI data, which is covered in the Model Agreement generally but not specifically. With regards to defendants Plaintiff seeks

1.  Laptop/Desktop Computer, Keane Law Office Exchange Mail Server E-mails and/or from Outlook in OCR PDF and a text searchable .txt sidecar with header information and MIME encoding for attachments or .mbox or .eml/.meta files.

2. Apple iPhone Messages in native format[1], described in general detail here https://www.theiphonewiki.com/wiki/Messages, specifically, the sqlite database, with the relevant fields including msgid, text, conversation, contact, direction, account, date, attachmentpath, attachmentname, attachmentsize, user, and source.

3. Any other document which is not in Microsoft Office format (.docx, .xlsx, .pptx) be provided in PDF or the native format such as Quickbooks for any billing, or payment, invoice related information – so long as the format is conveyed to Plaintiff and a TIFF or PDF and .txt file accompanies the file in the case the licensed software is not immediately accessible. In these cases, accompanying metadata and hash files are not necessary.

4. Email accounts via cloud services iCloud/.mac/.me.com Accounts and Google gmail respectively which exporting as .eml/.meta will suffice.

5. Defendant's iPhones the following data files, sql fields, and plists are requested
   a. quarantine database, eventid, timestamp, agentbundleid, dataurl, sendername, senderaddress, typenumber, origintitle, originalias, user, source
   b. user database, username, realname, homedir, UID, GID, UUID, creationdate, deleteddate, failedlogincount, failedlogintime, passwordhint, password, darwin_user_dir
   c. imessage database, sqlite database, relevant fields are msgid, text, conversation, contact, direction, account, date, attachmentpath, attachmentname, attachmentsize, user, and source.

6. Facebook Messenger to be provided in .json format, which is readily exportable via the setting interface.

7. Devices/Systems which accessed Plaintiff's data the following files are requested.
   a. Networking information
      i. /Library/Preferences/SystemConfiguration/preferences.plist
      ii. /Library/Preferences/SystemConfiguration/NetworkInterfaces.plist
      iii. /private/var/db/dhcpclient/DUID_IA.plist
      iv. /private/var/db/dhcpclient/leases/[en1-1,ac:7f:3e:f3:87:97]

---

[1] https://www.theiphonewiki.com/wiki/Messages

      b.  Storage information, drives which stored the data

          i.  Make, model, file type, partition, and UUID

      c.  Additionally networking metadata including

          i.  Model, make, and commands issued generally or specifically, including DHCP, the device MAC address hardware address/IP Address of host accessing device and the internal router.

          ii.  Operating Systems and version and patch, and

          iii.  Any ~/.bash_sessions/~/.bash_history or application level commands, including scripts, issued from host computer to target devices.

8. For simplicity, Plaintiff believes that the Court should order a 3rd party to conduct a the bit-for-bit imaging of defendant's computers, cell phones, and that of the company and employees of Capes & Powers for the preservation of data. Plaintiff is open to following the three-step process outlined in Ameriwood. *See Ameriwood Industries Inc. v. Liberman, No. 4:06CV524, 2006 WL 3825291 (E.D. Mo. Dec. 27, 2006).*

9. Any any scripts, programs, or description of the command issuing mechanism to any Plaintiff's devices including browser scripts, please provide the logs, software name, version, licensor information and configuration and other notation regularly employed during as duplication effort including

10. PDF of procedures and agreement between the duplicating party and Keane or Schweickert's regarding "consent to search" and any warranties.

11. If the file format above does not include a hash, then to provide it alongside the file in a .txt files or in a corresponding spreadsheet of production.

12. Privilege or work-product log in .xlsx format listing the date, time, sending party, receiving party, subject, billing matter, documents or format, and other metadata detailed in the ESI Model Agreement D(4).

(D)    Privilege Issues.

      <u>Plaintiff's Statement.</u>

Plaintiff requests of Defendant to produce privilege logs recording any responsive material that are withheld on the grounds of attorney-client privilege, attorney work-product

JOINT STATUS REPORT — 6

Mark Phillips
Mark.Phillips@gmail.com
+1 (206) 607-9415

protection, or any other applicable privilege or protection. Those privilege logs are to be produced at the time of the document production to which they relate, **five (5) days after Order from the Court**.

Plaintiff submits that the communications between defendants as it relates to Plaintiff's property, devices, and computer access including billing statements, e-mail, text messages/iMessages, contractor agreements, documentation which defendants discuss Plaintiff and his property are subject not privileged, nor work-product, even if they were it would then be subject to the crime-fraud exception. Defendants did not list Capes & Powers as expert witnesses in any litigation.

Alternatively, Plaintiff is open for the Court to conduct an *in camera review* of the aforementioned communications. Plaintiff believes that the volume of communication to be significantly manageable.[2]

> "Deciding whether to conduct an in camera review. This is a decision based on a number of factors, such as the volume of materials the court is asked to review, the relevance of the allegedly privileged material, and the likelihood the evidence will establish that the crime-fraud exception applies." Zolin at 572.

If the court decides to exercise its discretion to review the documents, it must determine whether the documents show "that the legal advice has been obtained in furtherance of an illegal or fraudulent activity." In re Green Grand Jury Proceedings, 492 F.3d 976, 982-83 (8th Cir. 2007). *In the review of the privileged documents, a Magistrate or substitute Judge, not the trial judge is acceptable to Plaintiff.*

---

[2] The attorney-client privilege is not without its costs. Since the privilege has the effect of withholding relevant information from the factfinder, it applies only where necessary to achieve its purpose. The attorney-client privilege must necessarily protect the confidences of wrongdoers, but the reason for that protection–the centrality of open client and attorney communication to the proper functioning of our adversary system of justice–ceases to operate at a certain point, namely, where the desired advice refers not to prior wrongdoing, but to future wrongdoing. It is the purpose of the crime-fraud exception to the attorney-client privilege to assure that the "seal of secrecy" between lawyer and client does not extend to communications made for the purpose of getting advice for the commission of a fraud or crime. U.S. v. Zolin, 491 U.S. 554, 562-63 (1989).

**JOINT STATUS REPORT** — 7

1       (E)    Proposed Limitations on Discovery.

2       <u>Plaintiff's Statement.</u>

3 Plaintiff seeks to expand written discovery request for efficiency and economy including:

4 1. Increasing interrogatories by each party to any other party to maximum 50

5     interrogatories;

6 2. Increasing request for admissions by each party to any other party to maximum 50

7     admissions;

8       (F)    Need for Discovery Related Orders.

9       <u>Plaintiff's Statement.</u>

10 Beyond orders under Fed.R.Civ.P. 26 or LR 26, plaintiff anticipates that an Order will be
11 required from the Court to address defendant's assertion of attorney-client privilege.  Plaintiff
12 believes that defendants will require court Orders to produce *any* discovery and defendants will
13 continue to withhold any and all relevant or meaningful information, access to information, and
14 ESI, including preventing depositions, premise inspections, and therefore the Court must Order
15 defendant's cooperation.  The Court has before it, defendant's motion for protection, and
16 defendant's responses to Plaintiff's request for admissions which exemplify the level of
17 cooperation, Plaintiff will experience.

18     **3.**    Views on Fed.R.Civ.P. 26(f)(1).  The parties' views, proposals, and agreements
19         on all items set forth in Local Civil Rule 26(f)(1) are as follows:

20       (A)    Prompt Case Resolution.

21       <u>Plaintiff's Statement.</u>

22 Plaintiff is open to informal settlement discussions at the present time and anticipates
23 being amicable to such discussions as the case progresses.

24       (B)    Alternative Dispute Resolution.

**JOINT STATUS REPORT** — 8

Mark Phillips
Mark.Phillips@gmail.com
+1 (206) 607-9415

Plaintiff's Statement.

Plaintiff is open to utilizing the options made available through the alternative dispute resolution ("ADR") program as defined and discussed in LR 39.1.

  (C)  Related Cases. N/A

  (D)  Discovery Management.

Plaintiff's Statement.

Based upon Plaintiff's experience with Defendants and Administrative Proceedings, Plaintiff's anticipates problems in general with responses to document production, interrogatories and request for admissions, and in particular discovery regarding certain documents designated as protected by attorney-client privilege, attorney work product doctrine, and other privileges by defendants, which Plaintiff contends are discoverable. Plaintiff also anticipates problems with discovery regarding certain files designated by "investigation files" which Plaintiff contends are discoverable. Plaintiff contends that defendant's will not produce any substantive discovery without Court orders.

  (E)  Anticipated Discovery Sought.

Plaintiff's Statement.

See paragraph 4.B above.

  (F)  Phasing Motions.

Plaintiff's Statement.

Plaintiff believes that Phasing of Motion is not necessary.

  (G)  Preservation of Discoverable Information.

Plaintiff's Statement.

Preliminary analysis of the returned Apple MacBook Pro and other data appears to have deleted log files and other deleted metadata in order to conceal access to the device. Therefore,

**JOINT STATUS REPORT** — 9

Mark Phillips
Mark.Phillips@gmail.com
+1 (206) 607-9415

as to the computers, servers, and smartphones/iPhones used by defendants, Plaintiff ask the Court to appoint a 3rd party forensic company to preserve defendant's data and metadata in the form of a bit-copied image so as to preserve any and all information. Plaintiff asks the Court to order the turning off all system updates, disk fragmentation systems, and other housekeeping programs. In effect, Plaintiff seeks that the devices used to communicate and to access Plaintiff's data be turned off and preserved so that they can be imaged. The invasion of Plaintiff's privacy and that of every 3rd party he has communicated with should be considered when weighting what Plaintiff's requesting, in effect, the same which defendants unilaterally and secretly did to him outside of the law.

Plaintiff believes that time is of the essence to order defendants and defendant's contractors/partners/ Capes & Powers to mirror their electronic devices to preserve discoverable information.

(H) Privilege Issues.

<u>Plaintiff's Statement.</u>

The Court will need to Order the scope of privilege, as defendant Keane has claimed *'everything'* is privileged.

(I) Model Protocol for Discovery of ESI.

<u>Plaintiff's Statement.</u>

On February 10th, 2019, Plaintiff submitted to defendants draft ESI Agreement and proposed amendments as listed above under ESI. Plaintiff will continue to make efforts to negotiate in good faith to prepare mutually acceptable ESI agreement to be filed with the Court no later than March 18th, 2019. If the parties cannot reach agreement by March 18th, 2019, then Plaintiff proposes that each party file a proposed ESI agreement containing Plaintiff's and Defendant's proposal for each section upon which they do not agree, accompanied with a Joint

Motion for the Court to enter an ESI agreement pursuant to Local Rule 26(f)(4). Plaintiff's declaration represents an acceptable ESI agreement.

(J)     Alternatives to Model Protocol.

Plaintiff's Statement.

See above.

**4.     Close of Discovery.**

Plaintiff's Proposal.

Plaintiff proposes the following deadlines to be set in this case, including the following discovery cut-off deadline. Plaintiff's schedule allows for substantial discovery anticipating defendant's blanket refusal to produce anything without Court orders.

| Event: | Deadline: |
|---|---|
| Deadline to file Modified ESI Agreement w/Court | February 28 2019 |
| Initial Disclosures | February 28, 2019 |
| Motion to Compel Discovery Crime-Fraud Exception | March 18 2019 |
| Motion to Compel Defendant Discovery | March 18, 2019 |
| Initial Expert Reports Due | May 11 2019 |
| Rebuttal Expert Reports Due | June 11, 2019 |
| Deadline to Join Additional Parties | July 1 2019 |
| Additional Expert Reports Due | July 11, 2019 |
| Rebuttal Expert Reports Due | August 11, 2019 |
| Complete Deposition of Expert Witnesses | September 1, 2019 |
| Non-dispositive Motions | October 1, 2019 |
| Threshold Motions | December 1, 2019 |
| Fact/Expert Discovery Cut-off | January 31, 2020 |
| Trial | TBD at future scheduling conference |

**5.     Bifurcation.**

Plaintiff's Statement.

The parties agree that this case should not be bifurcated.

**6.     Pretrial Statements.**

Plaintiff's Statement.

**JOINT STATUS REPORT** — 11

Mark Phillips
Mark.Phillips@gmail.com
+1 (206) 607-9415

Plaintiff **does not** believe that the pretrial statements and pretrial order called for by Local Civil Rules 16(e),(h),(i), and (k), and 16.1 should be dispensed with.

**7. ADR Options.**

<u>Plaintiff's Statement.</u>

Plaintiff is open to a private mediator. Mediation would be most useful following the close of discovery, and completion of any motion practice.

**8. Suggestions for Shortening of Simplifying the Case.**

<u>Plaintiff's Statement.</u>

Plaintiff does not have any other suggestions for shortening or simplifying the case, except to issuing Orders with regards to the scope of permissible discovery.

**9. Trial Date.**

<u>Plaintiff's Statement.</u>

Plaintiff will be prepared to schedule trial date after he has concluded discovery.

**10. Jury or Non-Jury Trial.**

The parties have requested a jury trial.

**11. Trial Days.**

<u>Plaintiff's Statement.</u>

**JOINT STATUS REPORT** — 12

Plaintiff expect 7-10 days will be required for trial, subject to narrowing of issues as the case progresses. Plaintiff has roughly twenty-five witnesses currently and defendant has listed over seventy-five witnesses.

**12.    Trial Counsel.**

The names, addresses, and telephone numbers of all trial counsel are listed below as the undersigned counsel.

<u>Defendant's Statement.</u>

| | | |
|---|---|---|
| | For Plaintiff: | Mark Phillips, Pro Se<br>1749 267 Ct. SE<br>Sammamish, WA 98075<br>206-607-9415 |
| | For Defendants: | T. Jeffrey Keane<br>Keane Law Offices<br>100 NE Northlake Way, Suite 200<br>Seattle, WA 98105<br>206-438-3737 |

**13.    Trial Date Conflicts.**

<u>Plaintiff's Statement.</u>

Plaintiff is scheduled to begin post doctorate and research position in Auckland, New Zealand. Plaintiff is currently attempting to ascertain the difficulty of defendant's production of discovery before leaving to New Zealand.

**14.    Service.**

<u>Plaintiff's Statement.</u>

All defendants were e-mailed with the Summons, Complaint, Notice of Lawsuit, Request for Waiver, and Litigation Holder Letter on December 20th, 2018. All defendants were e-mailed

---

**JOINT STATUS REPORT** — 13

again on January 9th, 2019 with the same above materials and summons signed by the Clerk of the Court. On January 20th, 2019, each defendant was e-mailed a letter regarding Order Regarding Initial Disclosure. On January 21st, 2019, defendant Keane was emailed a follow up email requesting his availability. On January 20th, 2019, Keane was personally served. On January 29th, 2019, Keane was again emailed requesting availability. On January 31st, 2019, Jennifer was personally served. On January 22nd, 2019, defendant Keane e-mailed a letter to Plaintiff claiming failure to follow requirements of Fed.R.Civ.P. 4(d)(1). On January 23, 2019, Keane sent a letter to Plaintiff's counsel regarding return of production (and various envelopes unopened) – including the aforementioned waiver of services. On March 15th, 2019, Joyce Schweickert returned her Waiver of the Service of Summons which she apparently signed March 12th, 2019.

Plaintiff retained Ellen Clarkson, who confirmed hand-delivering additional copies of the waiver of service to Joyce Schweickert, *see Phillips Decl. at 7 and Ex. I.* Therefore, defendant Joyce Schweickert is currently in default which Plaintiff will file next week. Plaintiff has notified defendant Keane of the disagreement of his computation of time.

**15. Scheduling Conference.**

Plaintiff's Statement.

Plaintiff is agreeable for a scheduling conference prior to a scheduling order being issued in this case.

**16. Disclosure Statements.**

Defendant Keane has yet to file Keane Law Office disclosure statement.

DATED this 15th day of March 2019

By: /s/ Mark Phillips
Mark Phillips

## DECLARATION OF SERVICE

I, Mark Phillips, state that I am a citizen of the United States of America and a resident of the State of Washington, I am over the age of twenty-one years, and I am competent to be a witness herein. I electronically filed the foregoing with the Clerk of the Court using CM/ECF System, who will electronically send notification of such filing to all parties who have appeared in this actions as of today's date.

I further served the foregoing via First Class U.S. Mail and e-mail on the below individuals:

Joyce Primm Schweickert
3844 Hunts Point Rd.
Hunts Point, WA 98006
Joyceschweickert@gmail.com

I DECLARE under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 15th day of March 2019 at Bellevue, WA.

      /s/ Mark Phillips
      Mark Phillips

**JOINT STATUS REPORT** — 15